UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK W. RUPP and DOUGLAS J. GOULD

            Plaintiffs,

  v.

THE CITIZENS OF THE STATE OF NEVADA

            Defendants.
_____/

No. C 07-05954 MHP

**MEMORANDUM & ORDER**
**Re: Subject Matter Jurisdiction**

      On November 26, 2007 plaintiffs Frank W. Rupp and Douglas J. Gould filed this action against the citizens of the state of Nevada. In their complaint, plaintiffs claim that the "citizens of the state of Nevada," via the Nevada state trial court, made an erroneous decision. To wit, they claim the Nevada state trial court did not have jurisdiction to adjudicate the disposition of a condominium in San Francisco that was formerly owned by plaintiff Rupp. This decision by the "citizens of the state of Nevada" has caused plaintiffs a great amount of consequential harm and they come to this court seeking a remedy.

      The 2003 contract for the sale of the condominium in question—a California Residential Purchase Agreement Standard Contract Form—has a provision that any disputes regarding the contract be resolved by mediation or arbitration. Complaint, Exh. 1 at 5. The buyer and seller were signatories to this contract. It is unclear, however, whether the title company was bound by this contract. After execution of the contract, the California title company brought suit in Nevada state court claiming that they had overpaid plaintiff Rupp $75,000 in error and that he had refused to return the funds. In 2004, the Nevada state trial court granted summary judgment for $77,817.54 in favor of the title company for Unjust Enrichment and Money Had and Received. Id., Exh. 3. Plaintiff Rupp appealed this decision to the Supreme Court of Nevada and this appeal was dismissed

1  on July 25, 2006 because the trial court's judgment was not final with respect to all claims brought
2  by the title company. Id., Exh. 8. Subsequently, on March 26, 2007, the Nevada state trial court
3  issued a final ruling with respect to all of the claims brought by the title company. Plaintiff Rupp
4  has not appealed this decision. He claims he filed a motion on March 26, 2007 to waive the appeal
5  fees and has not, to date, received a response from the state trial court and that the 30-day window to
6  appeal has now elapsed.

7        The proper resolution of this matter necessarily involves reviewing the Nevada state trial
8  court's decision. This court, however, lack subject matter jurisdiction over the Nevada state court's
9  decision. Specifically, the court does not have federal question jurisdiction because "[a]s courts of
10 original jurisdiction, [district courts] do not have jurisdiction over direct challenges to final decisions
11 of state courts, even if those challenges allege that the state court's action was unconstitutional."
12 Allah v. Superior Court, 871 F.2d 887, 890–91 (9th Cir. 1989). "This rule applies even though the
13 direct challenge is anchored to alleged deprivations of federally protected due process and equal
14 protection rights." Id.; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 484–87
15 (1983). Indeed, this is a fundamental tenet of our federalist system: Federal district courts are
16 courts of limited jurisdiction, and may only exercise original jurisdiction; the United States Supreme
17 Court has exclusive jurisdiction to review state decisions. 28 U.S.C. § 1257; Rooker v. Fidelity
18 Trust Co., 263 U.S. 413 (1923). Because the complaint seeks a review of the merits of a state court
19 action, this district court is powerless to adjudicate plaintiff's claims. Plaintiff's proper course of
20 action would be to appeal (or reopen) the Nevada state trial court's proceedings in the Nevada state
21 courts. Plaintiff may have federal court review through certiorari to the United States Supreme
22 Court after the Nevada Supreme Court has ruled upon his case.

23       In addition, even if plaintiffs meet the requirements for subject matter jurisdiction through
24 diversity jurisdiction, this action must be dismissed. Though the amount in controversy seems to be
25 over $75,000, the "citizens of the state of Nevada" likely refers to the judicial body in Nevada that
26 issued the judgment against plaintiff Rupp. The judges that comprise the judicial body, however,
27 have complete judicial immunity. Pierson v. Ray, 386 U.S. 547, 554 (1967). A judgment regarding
28

plaintiff Rupp's ownership of the condominium in San Francisco and monies owed was clearly a judicial function and therefore, under Pierson, the judges involved in that decision have absolute judicial immunity with respect to that decision. It must be noted that "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id.

In sum, plaintiffs have not demonstrated a basis upon which this court may exercise subject matter jurisdiction. Therefore, plaintiffs' complaint must be DISMISSED. This court recommends that plaintiffs appeal (or reopen) the decision made by the Nevada state trial court in order to pursue their desired relief.

IT IS SO ORDERED.

Dated: January 2, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California